Weygandt, C. J.
 

 A reading of the will discloses the clear intention of the testator to give his widow a life estate in an undivided one-half interest in the Lakewood property, and the other half of this property was intended to be held in a trust which the testator has attempted to create.
 

 All parties to this action concede that the attempted trust is invalid because it is violative of Section 10512-8, General Code, which is the Ohio statute against perpetuities. Hence the decisive question here presented is as to the descent of the property that is intestate by reason of the fact that it is involved in the invalid trust. If the widow should elect to take under the will instead of under the statute, can she share in the intestate property?
 

 This question is answered by the provisions of Section 10504-61, General Code (114 Ohio Laws, 357), which then read as follows:
 

 “If the surviving spouse elects to take under the will, such spouse shall be thereby barred of all right to an intestate share of the estate, and shall take under the will alone, unless it plainly appears from the will that the provision therein for the spouse was intended to be in addition to an intestate share. But an election to take under the will does not bar the right to remain in the mansion" of the deceased consort, or the
 
 *495
 
 widow to receive one year’s allowance for the support of herself and children, as provided by law, unless the will expressly otherwise directs.”
 

 Many decisions1 are cited in the brief of the appellant, but they are of no assistance. All but one of them were announced before the enactment of this statute in the year 1931. It is the. contention of the appellant that this recent statute relates to
 
 testamentary
 
 property alone. However, the language of this section is so clear and unmistakable as1 to require no interpretation. It provides simply that if the surviving spouse elects to take under the will, such spouse shall be thereby barred of
 
 all
 
 right to an intestate share of the estate. The meaning of this is plain, and it is emphasized by the further words that the spouse “shall take under the will alone, unless it plainly appears from the will that the provision therein for the spouse was intended to be in addition to an intestate share.” Likewise under the maxim
 
 expressio imius est exclmio alterius,
 
 further emphasis and clarity are impliedly furnished by the enumerated exceptions appearing in the next sentence to the effect that “an election to take under the will does not bar the right to remain in the mansion of the deceased consort, or the widow to receive one year’s allowance for the support of herself and children, as provided by law, unless' the will expressly otherwise directs.”
 

 In view of the unambiguous and all-inclusive nature of this language this court is obliged to accord the statute full force and effect hy holding that Section 10504-61, General Code, applies to all intestate personalty and realty in the testator’s estate. The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.